IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO FLEMING,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> JOHN E. WETZEL; SCI – PITTSBURGH,  ) <br> MEDICAL DEPT,  ) <br> ) <br> Defendants.  ) <br> ) | Civil Action No. 2:12-cv-00074 <br> Judge Terrence F. McVerry/ <br> Magistrate Judge Cynthia Reed Eddy |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that claims in the above-captioned action [ECF No. 5] filed by Antonio Fleming ("Fleming" or "Plaintiff") be dismissed for failure to comply with this Court's Order to Show Cause [ECF. No. 10].

II. REPORT

Plaintiff's Complaint is somewhat cryptic. He alleges that Secretary of Corrections, Wetzel, "was making verbal notes inside a book talking negative about [him]." [ECF. 5 at IV. C]. He also states that the unidentified "CO that [sic] was working in the yard . . . let these [unspecified] conditions happen to me." [Id.] Fleming next contends that the infirmary at SCI-Pittsburgh failed to do its job because if did not let "Allegheny General Hospital know that [he] did not need a trake [sic] in his throat." [Id.]. They did not let [Fleming] eat much or go to the bathroom." [ Id.]. He was never given "access to what happen[ed] to [him]." [Id.].

On the same day the Plaintiff's Complaint was filed, the Court issued an Order directing that Plaintiff provide the Court with proper instructions for service upon each Defendant,

including for each a U.S. Marshal Form 285, a completed notice and waiver of summons, and a copy of the Complaint. This was to be done on or before April 2, 2012, and Plaintiff was notified that no extensions would be granted. [ECF Docket Entry dated March 15, 2012]. Plaintiff failed to comply with this Order.

On April 26, 2012, the Court issued a Show Cause Order directing that Plaintiff show good cause why this case should not be dismissed for failure to comply with the March 15, 2012 Order. The Order to Show Cause was returnable on or before May 11, 2012. Plaintiff failed to comply with this Order as well.

The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In exercising this discretion, the Court must consider the following six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984):

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

On the whole, the Poulis factors favor the dismissal of Fleming's claims. Factors One, Three, and Four weigh heavily against Fleming. Despite having been given well over two months to comply with the Court's Show Cause Order, and having been warned that failure to comply would result in the dismissal of his claims, Fleming made no effort to communicate with

the Court, or to explain any difficulty he was having complying with the Court's Order. Despite the clarity of the Order and explanation of the consequence that would follow from disregarding its terms, Fleming failed to respond. There is nothing in the record that would permit the Court to conclude that Fleming was not personally responsible for this dilatory conduct or that his failure to file was not willful or in bad faith.

The prejudice caused to Defendants by Fleming's lack of diligence is not a factor as they have not yet been served. The bare-bones nature of Fleming's claims also makes assessment of their merit impossible. In these circumstances, dismissal of Fleming's claims is the only effective sanction available. Fleming is incarcerated, and his resources are limited. The effectiveness of monetary sanctions is, therefore, doubtful. In sum, it appears that Fleming has no serious interest in pursuing this case. Accordingly, it is respectfully recommended that Fleming's claims in the above-captioned case be dismissed, as no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, Plaintiff may file Objections no later than July 19, 2012. Failure to file timely Objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Respectfully submitted,

/ s/ Cynthia Reed Eddy
CYNTHIA REED EDDY
United States Magistrate Judge

Dated: July 5, 2012

cc:    Antonio Fleming
SCI-Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, PA  15501-0631

Attorneys of Record via CM-ECF